# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:12-cr-372-1 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WAYNE A. COLE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Wayne Cole ("Cole") to amend judgment. (Doc. No. 68 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 69 ["Opp'n"]), and Cole has filed a reply. (Doc. No. 70 ["Reply"].) For the reasons that follow, the motion is DENIED.

## I. BACKGROUND

On January 7, 2013, Cole was sentenced by this Court to a term of imprisonment of 79 months for one count each of possession of stolen firearms, under 18 U.S.C. § 922(j)(1), and being a felon in possession of firearms, under 18 U.S.C. § 922(g)(1) & (2). (Doc. No. 54 (Judgment).) The offenses occurred in connection with a string of burglaries in Cuyahoga County, Ohio, wherein Cole and others stole various items from private residences, including the weapons that form the basis for the federal charges. At the time of Cole's sentencing in federal court, there were pending state charges related to the underlying burglaries. The judgment in this case makes no reference to any anticipated state court judgments.

Cole was subsequently prosecuted by the State of Ohio for the burglaries, and ultimately sentenced by the state court to a term of five years imprisonment. *See State of Ohio v. Cole*, No. CR-12-563279-B   (https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx., last visited Aug. 12, 2020). The state court judgment specifies that the term of imprisonment is to run concurrently with the term of imprisonment in the instant case, and further provides that "All time [is] to be served in federal custody." (*Id*.) On January 31, 2013, the state court judgment was amended to remove the language that Cole was to serve his sentence exclusively in federal custody. (*Id*.) Cole reports that he was "given over to the Ohio Department of Rehabilitation and Correction and there remained until his Ohio state sentence was satisfied." (Mot. at 432.)

Having completed his term of imprisonment for the state offense, Cole has been transferred to the custody of the Bureau of Prisons ("BOP") pursuant to the judgment in the instant case. Upon his return to federal custody, he discovered that he did not receive credit toward his federal sentence for the time he spent in state custody. Cole has now filed a motion to amend his federal judgment retroactively to reflect that his federal sentence is to run concurrent to the now discharged state sentence. According to Cole, such a *nunc pro tunc* designation will obligate the BOP to credit his time served in state custody and make his sentence "true to his understanding and as it was explained to him by counsel when [he] agreed to the joint federal and state plea bargain." (*Id*. at 433.)

The government has opposed the motion on the grounds that the Court is without authority to honor Cole's request that he essentially be credited time against his federal sentence for time spent in state custody. (Opp'n at 440.) The government notes that the plea agreement in the present case makes no reference to concurrent or consecutive time with the then-pending

2

state burglary case. (*See* Doc. No. 39 (Plea Agreement).) Further, the judgment in this case is silent on the issue of consecutive/concurrent sentencing.[1]

## II. DISCUSSION

Title 18 U.S.C. § 3584(a) provides, in relevant part, that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Because the Court did not specify that its sentence was to run concurrently with the then yet to be announced state sentence, the effect of the Court's judgment was that it was to be served consecutively with any state court sentence. Insofar as Cole is now asking the Court to amend its judgment to modify that federal sentence by ordering it to run concurrently with his discharged state sentence, the Court lacks jurisdiction to do so.

It is well settled that a district court does not have the inherent power to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (citations omitted). Cole cites Fed. R. Crim. P. 32, but that statute provides no basis to modify or revise a sentence. Rather, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Civil Procedure[.]" 18 U.S.C. § 3582(c)(1)(B). Rule 35 is inapplicable herein, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the Court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-

---

[1] Cole makes much of the government's representation that it could not review the sentencing hearing transcript (presumably because no transcript was prepared). (Reply at 446; *see* Opp'n at 440 n.1.) It is the Court's recollection that, in response to defense counsel's inquiry regarding credit for time in state custody, the Court explained that the BOP would make a determination as to any credit for time spent prior to serving the Court's sentence.

window has long closed. Moreover, Cole does not suggest that the Court's sentence was the result of any type of clear error.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36[.]" *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct clerical errors, but not to cure "unexpressed sentencing expectations[.]" *Robinson*, 368 F.3d at 656–57. Accordingly, there is no federal statute or rule that permits the Court to modify it sentence at this late date. *See United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005) (reversing district court's order amending its judgment specifying that its federal sentence was to run concurrently with a state sentence, as not permitted by Fed. R. Crim. P. 36).

Cole cites to Amendment 787 as a possible basis for his requested relief. (Mot. at 434.) U.S. Sentencing Guideline Amendment 787 provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c) (internal citations omitted). Cole was sentenced on January 7, 2013, but Amendment 787 did not take effect until November 1, 2014. Amendment 787 does not appear in U.S.S.G. § 1B1.10(d), which lists sentencing amendments that are expressly retroactive. As such, courts have consistently held that Amendment 787 has no retroactive application. *See, e.g., United States v. Houston*, No. 3:93-cr-277, 2019 WL 2251246, at *2 (N.D. Tex. May 1, 2019), *report and recommendation adopted by* 2019 WL 2249720 (N.D. Tex. May 24, 2019); *Worthy v. United States*, No. 1:07-cr-1271-1, 2017 WL 10544078, at *2 (M.D.N.C.

Sept. 22, 2017), *report and recommendation adopted by* 2017 WL 10544078 (M.D.N.C. Jan. 25, 2019); *United States v. Truong*, No. 2:06-cr-487, 2017 WL 3438587, at *2 (E.D. Cal. Aug. 10, 2017); *see also United States v. Conley*, 777 F.3d 910, 914 (7th Cir. 2015) (Amendment 787 does not apply to defendant sentenced before November 2014). The change in the sentencing guidelines promulgated by Amendment 787 is not retroactive, and the Court declines to analyze whether the Amendment, if retroactive, would apply to Cole.

Additionally, to the extent that Cole's motion can be interrupted as seeking credit toward his federal sentence for time spent in state custody, such a request is expressly prohibited by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

It is clear from the language of § 3585(b) that a federal defendant is not entitled to credit against his federal sentence for time spent in state custody serving a state sentence. *See United States v. Wilson*, 503 U.S. 329, 337, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) ("Congress has made clear that a defendant could not receive a double credit for his detention time.") The Sixth Circuit has consistently held that if a prisoner has received credit towards his state sentence for time spent in detention, he may not also receive prior custody credit toward his federal sentence for the same period of time. *See, e.g., McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.

1993); *Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2020); *Huffman v. Perez*, 230 F.3d 1358 (Table), 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000). Because Cole already received credit toward his state sentence for time spent in state custody, he may not receive additional credit toward his federal sentence.

### III. CONCLUSION

As set forth above, the Court lacks the authority to grant Cole's motion and modify his federal sentence at this time to run concurrently with his state sentence. Accordingly, and for the reasons set forth herein and in the government's response, Cole's motion is DENIED.

**IT IS SO ORDERED**.


Dated: August 27, 2020

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**